**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOSE JUAN ROMERO,           )
        Plaintiff,         )      21-cv-01592
                  )
    vs.                )      Judge Sara L. Ellis
                  )
STATE OF ILLINOIS, et al.    )
        Defendants.    )

## PROSECUTOR DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(B)(6)

NOW COME Defendants, Kimberly M. Foxx, State's Attorney of Cook County ("State's Attorney") and Defendants Brandi Burton, Victoria Chaves, Christian Conway, Carlton Fay, Margaret Flisk, Eugene Goroshko, Benjamin Kibugi, Alexander Michelini[1], Conor McNulty, Christina Senger, and Ivan Velazquez  ("ASA Defendants") (State's Attorney and the ASA Defendants are collectively referred to the "Prosecutor Defendants"), by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, and through her Assistant State's Attorneys, David A. Adelman and Shayl G. Wilson, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby respectfully move this Honorable Court to enter an order dismissing Plaintiff's Complaint with prejudice.  In support thereof, Prosecutor Defendants state as follows:[2]

## INTRODUCTION

The plaintiff, Jose Juan Romero ("Plaintiff"), brings this action in his Complaint ("Complaint") under the Civil Rights Act, "42 U.S.C. §§ 1982, 1983, 1985 and 1988 (Section 1981 to 1988 inclusive." *Complaint*, ¶3a.  Plaintiff claims "…the parties further have jurisdiction to file

---

[1] Defendant Alexander Michelini was improperly named in the Complaint as Alex McHelini and respectfully moves this Honorable Court direct the Clerk of the Court to correct the spelling in the court docket.
[2] Pursuant to this Court's requirement to meet and confer, on 4/1/2021 undersigned counsel discussed the merits of the case by telephone with Plaintiff's counsel. The parties were unable to reach an agreement.

suit based on alleged direct violation of the Federal Constitution, namely: amendments Four, Five, six, eight, and fourteenth, as well as the State of Illinois Constitution Article One, Section two, six, eight and eleven; along with related common law counts." *Id*.[3].

Taking the allegations in the 22-Count Complaint as true for the purposes of this Motion, Plaintiff alleges he was in a car accident on November 7, 2017 and arrested for Driving Under the Influence ("DUI") and received a ticket for Failure to Yield. *Id*. ¶¶4-6. Plaintiff was arrested by Chicago Police Officer Alex Lopez, who is a defendant but <u>not</u> a party to this Motion, and Officer Lopez signed the criminal complaint against Plaintiff under oath and stated there was video recorded of the accident and video from before and after Plaintiff's arrest. *Id*. ¶6.

Plaintiff brings claims against various State of Illinois and City of Chicago ("City") officials, but the claims against the Prosecutor Defendants concern his prosecution for DUI. Plaintiff fails to make any allegations that would specify any of the individual Prosecutor Defendants were assigned to, or even handled, his prosecution, nor does Plaintiff allege individual actions or role in his prosecution. Plaintiff generically refers to whomever was handling his prosecution at any given time as the "State". *Id*. ¶¶8-24.

Plaintiff alleges the "State" refused Plaintiff's demands to resolve or dismiss the DUI charges against Plaintiff when it became clear that the City could not produce video evidence, that the case was continued multiple times, that the "State" contested Plaintiff's Amended Kladis Motion to Suppress Evidence, that on July 9, 2019, the "State" filed a Motion to Reconsider after the criminal court judge granted Plaintiff's motion on June 10, 2019, and the State allegedly ignored Plaintiff's speedy trial requests and did not issue a nolli prosequi dismissing the charge until a few months later on November 18, 2019. *Id.*, ¶¶ 8-24.

All of these actions, if attributable to the named Prosecutor Defendants, are actions taken in management of the prosecution of Plaintiff entitling Prosecutor Defendants to absolute

---

[3] Although he does not specify, presumably, Plaintiff is claiming jurisdiction based on a federal question and supplemental jurisdiction for state law and state constitution claims per 28 U.S.C. §1331, §1343, and 1367.

prosecutorial immunity. Even if Plaintiff's references to the "State" apply only to the State's Attorney she would still be entitled to absolute prosecutorial immunity, in both her individual or official capacities.[4]

Plaintiff further alleges that DUI cases are treated differently than non-DUI cases and that there is a policy not to voluntarily dismiss DUI cases regardless of how winnable the cases and wait for a court order on a speedy trial motion. *Id.* ¶¶32-39. This alleged policy also would deal with the management of criminal prosecutions are handled gives rise to absolute prosecutorial immunity.

In the event this Honorable Court does not find absolute immunity applies, Prosecutor Defendants also raise that they are protected by Public Official Immunity, Sovereign Immunity, or alternatively, Qualified Immunity.

Even if there were no immunity the Prosecutor Defendants are not liable to Plaintiff. Plaintiff fails to state a claim upon which relief can be granted as: a) he fails allege that any of the named Prosecutor Defendants had any personal involvement in his prosecution and only generically refers to his prosecution as being run by the "State"; and b) it is *not* a constitutional violation for prosecutors to: i) conduct a prosecution without probable cause; or ii) manage the priority of criminal prosecutions.

Defendants seek dismissal of all counts of Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In the event any state law claims survive this motion, this Honorable Court should decline to exercise supplemental jurisdiction.

## STANDARD OF REVIEW

In ruling on a motion pursuant to Fed. R. Civ. P. Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Reger Development, LLC v. Nat'l City Bank*, 592 F.3d 759, 763-64 (7th Cir. 2010). The court must determine whether a plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face.

---

[4] Plaintiff makes no allegation that the State's Attorney personally took any action in his DUI prosecution.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Seventh Circuit has interpreted this plausibility standard to mean that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir.2010). Allegations that are "merely consistent with" the cause of action are insufficient to satisfy the plausibility standard. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Iqbal*, 566 U.S. at 555.

## ARGUMENT

I.  **VARIOUS IMMUNITIES BAR EACH OF PLAINTIFF'S CLAIMS AGAINST THE STATE'S ATTORNEY AND THE VARIOUS ASA DEFENDANTS.**

### A.  Prosecutor Defendants Are Absolutely Immune From Suit.

The Prosecutor Defendants are entitled to absolute immunity from all of Plaintiff's claims. It is axiomatic that prosecutors are absolutely immune from §1983 suits for damages relating to the initiation of a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Hunt v. Jaglowski,* 926 F.2d 689, 692-93 (7th Cir. 1991). When determining whether a prosecutor is entitled to absolute immunity, courts look to the nature of the function that the prosecutor was performing in the particular case. *Hunt,* 926 F.2d at 692*.* If a prosecutor's function was quasi-judicial or otherwise prosecutorial, the prosecutor is entitled to absolute immunity. *Id.* If the function was administrative or investigatory, the prosecutor enjoys only qualified immunity. *Id*. A functional test is used to determine whether absolute or qualified immunity applies. To that end, "[t]he nature of the function performed, not the identity of the actor who performed it" determines which type of immunity controls. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). If the prosecutor acted in the role of advocate for the state, absolute immunity applies. Absolute immunity shields prosecutors even if they act "'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Smith v. Power,* 346 F.3d 740, 742

(7th Cir. 2003). In other words, a prosecutor is immune from liability for acts undertaken in his role as an advocate for the state in preparing for the initiation of judicial proceedings or for trial. *Buckley*, 509 U.S. at 273 (1993).

Illinois follows the approach to prosecutorial immunity used by federal courts, protecting prosecutors from liability from civil claims based on their prosecutorial functions. The federal and Illinois state doctrines of prosecutorial immunity are "coterminous and prosecutors acting within the scope of their prosecutorial duties are absolutely immune from liability under state law." *Frank v. Garnati*, 2013 IL App (5th) 120321, ¶ 17; *see also White v. City of Chicago,* 369 Ill. App. 3d 765, 769-70 (1st Dist. 2006); *Hobbs v. Cappelluti,* 899 F. Supp. 2d 738 (N.D. Ill. 2012) (holding that state and federal law prosecutorial immunity are co-extensive). Moreover, under Illinois law, "the State's Attorney is vested with exclusive discretion in the initiation and management of a criminal prosecution." *People ex rel. Daley v. Moran,* 94 Ill.2d 41, 45 (1983). Prosecutorial immunity therefore covers both federal and state law claims.

*The D.U.I. Prosecution of Plaintiff*

In this case, absolute immunity protects the Prosecutor Defendants because their allegedly wrongful actions were undertaken in the course of management of the judicial proceedings against Plaintiff in his DUI prosecution. While Plaintiff fails to specify any action taken by any specific Prosecutor Defendant, Plaintiff repeatedly complains about actions or inactions of the "State" during the course of his DUI prosecution which, if construed to be allegations against the individual Prosecutor Defendants, would be centered on their prosecutorial duties as Assistant State's Attorneys in the underlying criminal prosecution. *Complaint,* ¶¶8-28.

Further, all of Plaintiff's claims against the Prosecutor Defendants are rooted in the common factual allegations that the "State" pursued the DUI prosecution even though Chicago

Police did not produce a video and despite allegedly knowing that Plaintiff's counsel gave the State his opinion that there was no longer probable cause, and that the "State" allegedly waited until one day after the 160 day speedy trial period that began June 10, 2019 to dismiss the prosecution on November 18, 2019, which Plaintiff claims was the 161st day. *Id.* ¶¶11, 16, 21, 24. Tellingly, Plaintiff does not allege that the Prosecutor Defendants usurped the role of the Chicago Police Department or improperly acted as police advisers. Rather, Plaintiff believes that liability attaches because, allegedly, the prosecution was not dismissed *when Plaintiff's counsel so demanded* and that the State waited a few months after it received an adverse ruling from the Court on a Motion to Suppress and Motion to Reconsider. *Id.* ¶¶8-28. There are few things more central to the role of a prosecutor than deciding whether to argue against a motion, evaluating the strength of a criminal case, and deciding whether or not to dismiss a criminal case. While Plaintiff fails to make any specific allegations against the named Prosecutor Defendants it is clear that, to the extent they would be included in Plaintiff's grievances with the 'State', that they would be absolutely immune from suit.

## *Management of Driving Under the Influence Prosecutions*

Further, Plaintiff alleges the State's Attorney and all the ASA Defendants made management decisions to treat the priority of prosecution of D.U.I. crimes differently than the prosecution of other crimes. *Complaint*, ¶¶28-39. Taking Plaintiff's allegations as true for the purposes of this motion, which the Prosecutor Defendants do not admit to, such allegations directly involve prosecutorial functions. The decision how criminal cases are to be prosecuted and managed is exclusively vested with the State's Attorney. *Moran,* 94 Ill.2d at 45 (1983); *see also Garnati,* 2013 IL App (5th) 120321, ¶¶ 13-18; *see also White v. City of Chicago,* 369 Ill. App. 3d

765, 769-70 (1st Dist. 2006); *Hobbs v. Cappelluti,* 899 F. Supp. 2d 738 (N.D. Ill. 2012) (holding that state and federal law prosecutorial immunity are co-extensive).

Plaintiff's factual allegations, once again, fail to pierce absolute immunity because they are based on how to prosecute and manage cases, which, as mentioned above, is exclusively vested with the State's Attorney. *Id.* Moreover, there is no allegation Plaintiff was singled out from other D.U.I defendants. Without more, Plaintiff's conclusory allegations are not sufficient to establish that the State's Attorney or the ASAs somehow deviated from their roles as prosecutors and advocates for the state in pursuing criminal proceedings against Plaintiff and other D.U.I defendants. *In re Estate of DiMatteo,* 2013 IL App (1st) 122948, ¶ 58 ("[C]onclusions of law or fact unsupported by allegations of specific facts upon which such conclusions rest are not taken as true and are not to be considered by the court ruling on [a] motion [to dismiss].). Ultimately, Prosecutor Defendants are absolutely immune and should all be dismissed with prejudice.

**B. Prosecutor Defendants Are Also Entitled To Public Official Immunity.**

Prosecutor Defendants are also entitled to public official immunity for their official acts in preparing for and initiating and managing the traffic proceedings against Plaintiff and in the management of how to prosecute D.U.I. cases in general. "[P]ublic official immunity is a common law defense to liability for employees of the State of Illinois where those employees engage in discretionary functions." *Mich. Ave. Nat'l Bank v. Cty. of Cook*, 191 Ill. 2d 493 (2000). Public official immunity "protect[s] state officials from being inhibited from acting in the public's best interest because of fears of personal liability." *Id.* at 543. Under Illinois law, the office of State's Attorney is constitutionally established. Ill. Const. 1970, art. VI, § 19. To that end, the Illinois Supreme Court has held that State's Attorney is a state official. *Ingemunson v. Hedges,* 133 Ill. 2d 364, 369-70 (1990).

Importantly, the actions complained of by Plaintiff arose from Prosecutor Defendants' governmental employment and relate to decisions they made in the scope of their authority as state officials. At all relevant times, Defendant Kimberly M. Foxx was, and currently is, the State's Attorney of Cook County and Plaintiff alleges the ASA Defendants were Assistant State's Attorneys.[5] Plaintiff's claims against the Prosecutor Defendants are rooted in the allegations that the traffic case against him was not dismissed when the Chicago Police Department failed to produce traffic camera video and upon Plaintiff's counsel's demand for dismissal, but rather the 'State' contested Plaintiff's Motion to Suppress, filed a Motion to Reconsider the court's ruling in favor of Plaintiff, and waited a few months before dismissing the case. *Complaint,* ¶¶2-28. Plaintiff's claims are also based on the allegations that the Prosecutorial Defendants decided to give D.U.I cases a different priority over other types of crimes. *Complaint,* ¶¶28-39.

However, as previously noted, all the conduct complained of stems from the Prosecutor Defendants' prosecutorial duties and undertaken pursuant to their discretionary function of <u>initiating</u> or <u>managing</u> judicial proceedings in the traffic case against Plaintiff and other D.U.I. cases. *Moran*, 94 Ill.2d at 45. Any decisions that the Prosecutor Defendants may have made would be committed to the exclusive discretion of the State's Attorney. Plaintiff's allegations of such decisions being in bad faith are merely conclusory allegations which should be disregarded. See *In re Estate of DiMatteo,* 2013 IL App (1st) 122948, ¶ 58 ("[C]onclusions of law or fact unsupported by allegations of specific facts upon which such conclusions rest are not taken as true and are not to be considered by the court ruling on [a] motion [to dismiss].). As a result, all the Prosecutor Defendants are entitled to the defense of public official immunity, and Plaintiff's claims against them should be dismissed with prejudice.

---

[5]    Notably, ASAs act as "surrogates for the State's Attorney" in performing statutory duties of the State's Attorney. *Office of the Cook Cty. State's Atty. v. Ill. Local Labor Relations Bd.,* 166 Ill.2d 296, 303 (1995)

### C. Sovereign Immunity

Additionally, Eleventh Amendment sovereign immunity prevents the Court from exercising jurisdiction over Plaintiff's claims against the State's Attorney and the ASA Defendants. The Eleventh Amendment "bars an action in federal court against a state, its agencies, or its officials in their official capacity." *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–102 (1984)). The CCSAO is a state agency and is consequently immune from suit in federal court under the Eleventh Amendment. *Watson v. Bush*, 2010 WL 1582228, at *3 (N.D. Ill. 2010) (citing *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 265 (7th Cir. 1999)). Therefore, Plaintiffs' federal claims against the State's Attorney and the ASA Defendants should be dismissed for lack of subject matter jurisdiction. Additionally, the Illinois Court of Claims has exclusive jurisdiction over all state tort claims against the State of Illinois. 705 ILCS 505/8(d); *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001). This rule extends to state agents as well. *See White v. City of Chicago*, 369 Ill. App. 3d 765, 779 (1st Dist. 2007) (holding that State's Attorneys are state employees). Because the State's Attorney and the ASA Defendants are state agents, the Court of Claims has exclusive jurisdiction over Plaintiff's tort claims against them, and those claims should also be dismissed.

### D. Qualified Immunity

In the event this Honorable Court does not find Prosecutor Defendants are protected by absolute prosecutorial immunity, public official immunity, or sovereign immunity, the Prosecutor Defendants submit that qualified immunity would bar Plaintiff's claims.

Qualified Immunity Standard

It is well settled that, pursuant to qualified immunity, public officials performing discretionary functions are shielded from liability for civil damages unless their conduct violates

a clearly established statutory or constitutional right. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Burns v. Reed,* 44 F.3d 524, 526 (7th Cir. 1995); *Reichle v. Howards*, 566 U.S. 658, 664 (2012). The policy behind granting public officials qualified immunity from lawsuits is to protect them "from undue interference with their duties and from potentially disabling threats of liability." *Harlow,* 457 U.S. at 806. The immunity grants ample room for mistaken judgments by protecting "all but the plainly incompetent or those who knowingly violated the law." *Malley v. Briggs,* 475 U.S. 335, 343 (1986).

Qualified immunity is a two-pronged analysis requiring the court to determine: 1) whether the record evidences a constitutional violation; and 2) if so, whether the right violated was clearly established at the time the violation occurred. *Saucier v. Katz*, 533 U.S. 194, 200-202 (2001). To defeat qualified immunity, the *burden is on Plaintiff* to demonstrate that the alleged violation of his rights was 'clearly established' at the time of the alleged violation. *Green v. Newport*, 868 F.3d 629, 633 (7th Cir. 2017). To be clearly established, the right's contours must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right...." *Id*. (quoting *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015)). Although Plaintiff need not point to an identical case finding the alleged conduct unlawful, a plaintiff must point to precedent placing the "statutory or constitutional question beyond debate," *Mullenix*, 136 S.Ct. at 308, (quoting *Ashcroft v. al–Kidd,* 563 U.S. 731, 741 (2011).

Particular Circumstances Prosecutor Defendants Faced

Plaintiff alleges that the Prosecutor Defendants decided to give D.U.I. prosecutions a priority over other crimes regardless of how winnable.

> "A public prosecutor . . . exercises broad public responsibilities in the performance of his duties. A prosecutor's "client" is not an individual, but society as a whole. And the prosecutor has the broad discretion to set whatever policies he or she believes necessary to protect the interests of society.

*Upton v. Thomas*, 930 F.2d 1209 *, 1991 U.S. App LEXIS 6989, **18-19 (7th Cir. 1991) *quoting Livas v. Petka*, 711 F.2d 798, 800 (7th Cir. 1983). Moreover, under Illinois law, "the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion in the initiation and management of a criminal prosecution." *People ex rel. Daley v. Moran,* 94 Ill.2d 41, 45 (1983).

Thus, even if Plaintiff's allegation were true, the Prosecutor Defendants' decision regarding the prosecution of which crimes have priority over others, and execution of that alleged policy, are within their discretion and clearly reasonable in light of the facts and circumstances facing Prosecutor Defendants. The Prosecutor Defendants would be entitled to qualified immunity.

Moreover, the Prosecutor Defendants would be entitled to at least qualified immunity for Plaintiff's alleged continued prosecution for D.U.I.. "[T]here is no such thing as a constitutional right not to be prosecuted without probable cause. *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013)." *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir., 2018). As the alleged continued prosecution without probable cause is not a clearly established right, the Prosecutor Defendants are entitled, at the very least, to qualified immunity in the event the Court does not find that either absolute prosecutorial immunity, public official immunity, or sovereign immunity apply.

## II.  ALTERNATIVELY, PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In the event this Honorable Court were to find absolute prosecutorial immunity, public official immunity, sovereign immunity, or qualified immunity do not apply, the Complaint should still be dismissed as Plaintiff fails to state a claim upon which relief may be granted.

*No Personal Involvement*

There is no factual allegation that any of the named Prosecutor Defendants had any role in either: 1) Plaintiff's arrest, or 2) Plaintiff's prosecution.

As the Seventh Circuit has observed, "there is no tort without an actionable injury caused by the defendant's wrongful act." *Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014) (*citing Buckley v. Fitzsimmons*, 20 F.3d 789, 796 (7th Cir. 1994). Simply stated, a defendant cannot be liable to a plaintiff for wrongful conduct unless the plaintiff can establish that the defendant's actions *actually* caused the harm alleged. This requires two steps: wrongful conduct and an injury caused by that wrongful conduct.

*Plaintiff's Arrest*

Each of the counts in the Complaint dealing with Plaintiff's arrest do not indicate against whom they are directed, but rather they generically name 'Defendants' and fail to distinguish between Chicago, Illinois, or Prosecutor Defendants. Therefore, Prosecutor Defendants have to address the counts that deal with his arrest.

Plaintiff's Complaint does not allege any of the Prosecutor Defendants had any role in his arrest. The Complaint specifies he was arrested by Chicago Police Officer Alex Lopez, who is a defendant but not a party to this Motion, and Officer Lopez signed the criminal complaint against Plaintiff under oath and stated there was video recorded of the accident and before and after Plaintiff's arrest. *Id*. ¶6.

Accordingly, because Plaintiff fails to set forth facts from which it can reasonably be inferred that Prosecutor Defendants plausibly caused Plaintiff to be arrested and charged, the claims against Prosecutor Defendant dealing with his arrest fail and should be dismissed with prejudice. *See Iqbal* 556 U.S. at 678; *Twombly,* 550 U.S. at 570.

*Plaintiff's DUI Prosecution*

Plaintiff names the State's Attorney and 11 Assistant State's Attorneys as defendants, however, his Complaint fails to set forth any factual allegation from which it could reasonably be inferred they had any involvement in his actual prosecution. Plaintiff fails to make any allegation that any of these 11 ASA Defendants were assigned to his case, made any decisions about the case, had any involvement in the continuation of his case, or had any involvement in the decision not to, and then eventually to, dismiss his case. *Complaint*, ¶¶8-28. Plaintiff never even alleges they were assigned to traffic court. All actions against him in the DUI case are attributed generally to the "State" during the course of his DUI prosecution. *Id.* While general references to the "State" may be sufficient during a state criminal proceeding, it is insufficient to state a claim under 42 U.S.C. §1983 where which requires that personal involvement be alleged. As the Seventh Circuit said, "there is no tort without an actionable injury caused by the defendant's wrongful act." *Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014). Plaintiff's Complaint should therefore be dismissed with prejudice.

*Allegation That State Continued DUI Prosecution Does Not State a Cognizable §1983 Claim*

Moreover, the alleged actions of the "State" do not state a claim upon which relief may be granted. Plaintiff complains that the State continued its prosecution of him after it became clear the City of Chicago was not able to produce video of the arrest thereby, according to the Plaintiff, eliminating probable cause. However, "[T]here is no such thing as a constitutional right not to be prosecuted without probable cause. *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013)." *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir., 2018). The wrong in Fourth Amendment claims "...is the detention and not the ***existence*** of criminal charges..." *Id. (emphasis added).* Under Illinois law, "the State's Attorney is vested with exclusive discretion in the initiation and management of a criminal prosecution." *People ex rel. Daley v. Moran,* 94 Ill.2d 41, 45 (1983).

Since Plaintiff complains about the maintenance of the criminal charges against him, the Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed.

*Allegation Prosecutor Defendants Prioritized DUI Prosecutions Does Not State a §1983 Claim*

Prosecutor Defendants incorporate their arguments from the Qualified Immunity section on page 12 of this Motion, as if fully set forth herein. The policy for a State's Attorney to determine whether or not to give priority to the prosecution of certain crimes over others is well within the discretion of a State's Attorney and for her Assistant State's Attorneys to execute and not a constitutional violation. *Upton v. Thomas*, 930 F.2d 1209 *, 1991 U.S. App LEXIS 6989, **18-19 (7th Cir. 1991) Plaintiff's allegations fail to state a claim for which relief may be granted.

### III. PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED.

In light of the foregoing, should this Court dismiss Plaintiff's federal claims, this Court should relinquish supplemental jurisdiction over Plaintiff's state law claims.[6] Alternatively, if this Honorable Court decides to retain supplemental jurisdiction, the state law claims should be dismissed with prejudice.

"[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999). However, the Court should not relinquish jurisdiction if "(1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided." *Dargis v. Sheahan,* 526 F.3d

---

[6] The state law claims are articulated in Counts 1 – 8, 11 & 12, (the first counts with those numbers attempting to bring a claim under the Illinois Constitution), 13, and 14. The Complaint has two sets of Counts 11 and 12. The first set state they are bringing claims under the "State Constitution" and the second set of Counts 11 and 12 state they are bringing claims under the Federal Constitution.

981, 990 (7th Cir. 2008). If this Honorable Court does not relinquish jurisdiction of the state claims, Prosecutor Defendants submit the state claims should be dismissed because absolute prosecutorial immunity applies to state law.

The federal and Illinois state doctrines of prosecutorial immunity are "coterminous and prosecutors acting within the scope of their prosecutorial duties are absolutely immune from liability under state law." *Frank v. Garnati*, 2013 IL App (5th) 120321, ¶ 17; *see also White v. City of Chicago,* 369 Ill. App. 3d 765, 769-70 (1st Dist. 2006); *Hobbs v. Cappelluti,* 899 F. Supp. 2d 738 (N.D. Ill. 2012) (holding that state and federal law prosecutorial immunity are co-extensive). Under Illinois law, "the State's Attorney is vested with exclusive discretion in the initiation and management of a criminal prosecution." *People ex rel. Daley v. Moran,* 94 Ill.2d 41, 45 (1983).

**CONCLUSION**

WHEREFORE, for the above stated reasons, DEFENDANT KIMBERLY M. FOXX, and the ASA DEFENDANTS are entitled to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure as the Complaint fails to state a claim upon which relief may be granted. Defendants respectfully request that this Honorable Court dismiss them with prejudice from Plaintiff's Complaint, as well as grant any other relief this Court deems just and appropriate.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: /s/ *David A. Adelman*
David A. Adelman
Shayl G. Wilson
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3151
David.Adelman@cookcountyil.gov
Shayl.Wilson@cookcountyil.gov