IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jose Juan Romero, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Sara L. Ellis |
| | ) | |
| State of Illinois et al., | ) | No. 21-cv-1592 |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS STATE OF ILLINOIS AND GOVERNOR PRITZKER'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, State of Illinois and Governor JB Pritzker ("State Defendants'), by their attorney, Kwame Raoul, Attorney General of Illinois, in support of their motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) state as follows:

## INTRODUCTION

This case relates to Plaintiff's arrest for DUI by a Chicago Police Department officer the subsequent charges by the Cook County State's Attorney's Office. *See* ECF No 1-1. Plaintiff filed his Complaint in the Circuit Court of Cook County Chancery Division on November 16, 2020 (Case No. 2020-CV-06797). *See id*. On March 23, 2021, this matter was removed to federal court by Defendants Lopez and Cervantes. *Id.* In his Complaint, Plaintiff alleges that he was arrested for DUI on or about November 7, 2017, after he was in a traffic accident and detained for approximately three hours. ECF No. 1-1 at ¶ 4-5. Plaintiff alleges that the arresting officer, Defendant Lopez, signed a criminal complaint against Plaintiff that stated there was a video

recording of the accident and Plaintiff's arrest. *Id.* at ¶6. Plaintiff alleges that no such video exists and that the Defendants from the State's Attorney's Office improperly continued the proceedings despite lacking evidence. *Id.* at ¶¶ 8-24. Throughout the Complaint, Plaintiff refers to unnamed individuals from the Cook County State's Attorney's Office that prosecuted his DUI case as "the State." *See generally id.* In his 24-count Complaint[1] Plaintiff alleges that Defendants violated his rights under the United States and Illinois Constitutions and Illinois state law. *Id.* at ¶¶ 50-133.

Plaintiff's claims against the State Defendants fail. First, the State Defendants are not "individuals" that are subject to suit under Section 1983. Second, Plaintiff's claims against the State and Governor Pritzker are barred by the Eleventh Amendment, the standing doctrine, and Article III's "case or controversy" requirement. Finally, Plaintiff has not stated a viable claim against Governor Pritzker in his individual capacity because he has not alleged that the Governor personally took any action that affected his DUI case. Because Plaintiff's Complaint does not state any viable claims against the State Defendants, they should be dismissed from this lawsuit.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a case based on "lack of subject matter jurisdiction." F.R.C.P. 12(b)(1). Courts lack subject matter jurisdiction when the "case or controversy" requirement of Article III is not satisfied. *See Crabtree v. Experian Info. Solutions, Inc.*, 948 F.3d 87 876 (7th Cir. 2020). Pursuant to Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. F.R.C.P. 12(h)(3).

[1] Plaintiff's Complaint has two Count 11's and Count 12's. Starting at page 14 of the Complaint, the proper numbering of the counts is found on the left-hand side of the page beginning at Count 13, and this Memorandum shall use that numbering system to avoid any duplicate count numbers.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint may be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content as "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts as true, but it must also "draw on its judicial experience and common sense" to determine if the plaintiff has stated a plausible claim for relief. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal* 556 U.S. at 678. If, upon its review, the court determines that a plaintiff has failed to meet this plausibility requirement, the matter should be dismissed.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST THE STATE OF ILLINOIS AND GOVERNOR PRITZKER ARE BARRED IN FEDERAL COURT.

#### A. Plaintiff Cannot Bring A Section 1983 Suit Against The State Or The Governor In His Official Capacity.

Plaintiff brings claims for relief under 42 U.S.C. § 1983 and seeks damages against the State and Governor Pritzker in his official capacity. ECF No. 1-1 at ¶¶ 110-117 and Prayer for Relief. Section 1983 authorizes suits for damages only against a "person" who acts under color of state law and deprives another person of his or her rights. *See* 42 U.S.C. § 1983. But neither the State nor its officials acting in their official capacity are "persons" subject to suit under Section 1983 for damages. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 49 n.24 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because Plaintiff seeks damages against the State of Illinois and Governor Pritzker in his official capacity, *see generally* ECF No. 1-1, all of

his claims against the State and the Governor should be dismissed with prejudice. *See Will*, 491 U.S. at 71.

### B. Plaintiff's Claims For Monetary Relief Are Barred By The Eleventh Amendment.

Plaintiff's claims against the State or Governor Pritzker in his official capacity are also barred by the Eleventh Amendment. The Eleventh Amendment prohibits suits against a state without the state's consent. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Eleventh Amendment bars § 1983 claims). This ban applies to Plaintiff's official capacity claims against Governor Pritzker because "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). This is because in an official capacity suit a request for monetary relief does not seek that relief from the official's personal assets, but instead looks to collect the damages from the government entity. *See Graham*, 473 U.S. at 166; *Kolton v. Frerichs*, 869 F.3d 532, 536 (7th Cir. 2017) ("And after all, [defendant] did not pocket any earnings on [plaintiff's] money. Illinois did.").

The impetus of the Eleventh Amendment is "the prevention of federal-court judgments that must be paid out of a State's treasury." *Hess v. Port Authority Trans Hudson Corp.*, 513 U.S. 30, 48 (1994). As such, any request that "seeks monetary damages from defendants acting in their official capacity . . . [i]s barred by the Eleventh Amendment." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005). Thus, the Eleventh Amendment bars Plaintiff's claims for monetary damages against the State and Governor Pritzker in his official capacity.

### C. Plaintiff's Claims For Injunctive Relief Against Governor Pritzker In His Official Capacity Are Barred By The Eleventh Amendment.

Plaintiff cannot obtain injunctive relief from Government Pritzker in his official capacity. Under *Ex Parte Young*, 209 U.S. 123 (1908), a plaintiff may be able to seek injunctive relief against

an official acting in his official capacity "when the named defendant state officials have some connection with the enforcement of the act and 'threaten and are about to commence proceedings' to enforce the unconstitutional act". *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001). But that exception to the Eleventh Amendment does not apply here because Governor Pritzker does not have a sufficiently close connection to the enforcement of the statutes at issue. *See also Weinstein v. Edgar*, 826 F. Supp. 1165, 1166-67 (N.D. Ill. 1993) (holding that plaintiff could not sue governor of Illinois in constitutional challenge to statute making Good Friday a school holiday); *Illinois League of Advocates for the Developmentally Disabled v. Quinn*, No. 13 C 1300, 2013 WL 5548929, at *4 (N.D. Ill. Oct. 8, 2013) (holding that the governor of Illinois was not the proper defendant for constitutional challenge to the state's closing of two facilities for developmentally disabled individuals). Here, Plaintiff misstates the role of the Governor. Plaintiff does not make any specific allegations about the State or Governor Pritzker except when he references the actions of the State's Attorney's Office during the prosecution of his D.U.I. case. *See generally* ECF No. 1-1. However, Governor Pritzker is not sufficiently connected to the enforcement of the traffic code or the prosecutorial decisions of the State's Attorney's Office to support Plaintiff's claim for injunctive relief. Accordingly, the Ex Parte Young exception does not apply, and Plaintiff's claim against the Governor is barred by the Eleventh Amendment.

### D. Plaintiff Lacks Standing to Request Injunctive Relief and Cannot Satisfy Article III's "Case or Controversy" Requirement.

Finally, Plaintiff's claims should be dismissed because Plaintiff has no standing to request injunctive relief, and because there is no "case or controversy" between Plaintiff and the Governor. Plaintiff seeks injunctive relief requiring that Defendants not participate in the alleged illegal conduct detailed in the Complaint in the future. ECF No. 1-1 at Prayer for Relief. However, Plaintiff lacks standing to request this relief because "a past injury alone is insufficient to establish

standing for purposes of prospective injunctive relief." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). The underlying case related to Plaintiff's D.U.I. arrest was dismissed on or about November 18, 2019. ECF No 1-1 at ¶ 24. Plaintiff does not allege that he will be arrested for a different D.U.I. and that those proceedings will be wrongfully delayed. *See id.* Therefore, any potential future injury is "conjectural or hypothetical," not the "real and immediate threat" required for prospective injunctive relief. *Simic*, 831 F.3d at 738, *quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

Moreover, Plaintiff cannot bring a claim for injunctive relief against Governor Pritzker in his official capacity because there is no "case or controversy" between Plaintiff and the Governor. The proper defendant to name in a case seeking injunctive relief is "the person whose actions cause injury." *Travis v. Reno*, 163 F.3d 1000, 1007 (7th Cir. 1998); *see also Quinones v. City of Evanston, Illinois*, 58 F.3d 275, 277 (7th Cir.1995). Declaratory or injunctive relief may be obtained only when there is a "substantial controversy[] between parties having adverse legal interests." *Alcan Aluminium Ltd. v. Dep't of Revenue of State of Or.*, 724 F.2d 1294, 1298 (7th Cir. 1984). Where a state official is not involved with implementing or enforcing a statute, there is no controversy between the parties as required for an action. *See Quinones*, 58 F.3d at 277 (city, not state, was the proper defendant where it was not paying pension benefits because a state statute directed it not to do so). Here, Governor Pritzker has no authority to dictate how the Chicago Police Department or Cook County State's Attorney's Office operates. Because Governor Pritzker has not caused any alleged injury to Plaintiff and cannot address any alleged injury, there is no case or controversy between Governor Pritzker and Plaintiff, and any official capacity claims against Governor Pritzker should be dismissed with prejudice.

## II. PLAINTIFF HAS NOT STATED ANY CLAIM AGAINST GOVERNOR PRITZKER IN HIS INDIVIDUAL CAPACITY.

Nor has Plaintiff stated an individual capacity claim against Governor Pritzker. As discussed, to survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to state a cause of action that is plausible on its face. *Iqbal*, 556 U.S. at 678. Plaintiff has not sufficiently alleged that Governor Pritzker violated Plaintiff's rights and, as such, all individual capacity claims against him should be dismissed.

Section 1983 only creates liability "for a defendant's personal acts or decisions." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Plaintiff has not alleged that Governor Pritzker personally took any action that affected his D.U.I. case. *See generally* ECF No. 1-1. "[I]ndividual liability under § 1983 requires 'person involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (internal quotation omitted). As such, Plaintiff cannot bring a clam against Governor Pritzker in his individual capacity. Moreover, as discussed, Plaintiff does not make any specific allegations about the State Defendants. He has not stated any cause of action against the State Defendants and, therefore, his claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against the State Defendants fail. WHEREFORE, the State of Illinois and Governor Pritzker request that this Court grant this Court grant their motion to dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,

KWAME RAOUL
Illinois Attorney General

By: */s/ Mary A. Johnston*
MARY A. JOHNSTON
ASSISTANT ATTORNEY GENERAL
Office of the Illinois Attorney General
General Law Bureau – Civil Rights Unit
100 W. Randolph St., 13th Floor
Chicago, IL 60601
(312) 814-3739
(312) 814-4425 (FAX)
mary.johnston@illinois.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **DEFENDANTS STATE OF ILLINOIS AND GOVERNOR PRTIZKER'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was served on all parties at the electronic addresses provided through the Court's electronic monitoring CM/ECF system and via e-mail on May 13, 2021.

*/s/ Mary A. Johnston*
MARY A. JOHNSTON