IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE JUAN ROMERO, ) | |
|     Plaintiff, ) | 21-cv-01592 |
| ) | |
| vs. ) | Judge Sara L. Ellis |
| ) | |
| STATE OF ILLINOIS, et al. ) | |
|     Defendants. ) | |

**JOINT INITIAL STATUS REPORT ON THE PROGRESS OF DISCOVERY**

**1.**     **The Nature of the Case**

    a.     <u>Attorneys of Record</u>

For Plaintiff: The attorney for the plaintiff is Ben Myers, 6525 N. Clark Street, Chicago, Illinois 60626. Ben Myers will be the lead trial attorney for the plaintiff.

For Defendants Kimberly M. Foxx, State's Attorney of Cook County and Defendants Brandi Burton, Victoria Chaves, Christian Conway, Carlton Fay, Margaret Flisk, Eugene Goroshko, Benjamin Kibugi, Alexander Michelini[1], Conor McNulty, Christina Senger, and Ivan Velazquez (collectively the "Prosecutor Defendants"): Assistant State's Attorney David A. Adelman (Lead); and Shayl G. Wilson. Cook County State's Attorney's Office, Civil Actions Bureau-Complex Litigation, 500 Richard J. Daley Center, 50 W. Washington, Room 500, Chicago, Illinois 60602.

For Defendants State of Illinois and Jay Robert Pritzker: Assistant Attorney General Mary Alice Johnston (Lead), Illinois Attorney General's Office, 100 W. Randolph Street, 13th Floor, Chicago, Illinois 60601.

---

[1] Defendant Alexander Michelini was improperly named in the Complaint as Alex McHelini and respectfully moves this Honorable Court direct the Clerk of the Court to correct the spelling in the court docket.

For Defendant City of Chicago: Daniell Marie Alvarez (Lead) and Iris Y. Chavira, City of Chicago Department of Law, 2 N. LaSalle Street, Suite 420, Chicago Illinois 60602.

For Defendants Alex Lopez and Agustin Cervantes ("hereinafter" Defenadnt Officers): Mark David Winistorfer (Lead), Evan Scott, and Jessica Griff, City of Chicago Department of Law, 2 N. LaSalle Street, Suite 420, Chicago, IL 60602.

  b. <u>Nature of the Claims and Any Counterclaims and/or Third Party Claims</u>

Plaintiff alleges in a 22-Count Complaint he was in a car accident on November 7, 2017 and arrested for Driving Under the Influence ("DUI") and received a ticket for Failure to Yield. Plaintiff was arrested by the Defendant Officers. Defendant Officer Alex Lopez signed the criminal complaint against Plaintiff under oath and stated in a police report that portions of the Defendant Officers' interaction with the Plaintiff, including the Officers' DUI investigation, were video recorded. Plaintiff alleges no video recording was produced in the criminal case, which lead to Plaintiff's successful motion to quash and suppress on June 10, 2019.

Plaintiff claims he was arrested without probable cause and that the "State" refused Plaintiff's demands to resolve or dismiss the DUI charges against Plaintiff when it became clear that the State could not produce the aforementioned video evidence because the City no longer had it, that the case was continued multiple times, and the State did not issue a *nolli prosequi* dismissing the charge until November 18, 2019, five months after Plaintiff's motion to quash and suppress evidence was granted. Plaintiff further alleges that DUI cases are treated differently than non-DUI cases and that there is a policy in the Cook County State's Attorney's Office not to voluntarily dismiss DUI cases regardless of how winnable the cases and wait for a court order on a speedy trial motion.

Plaintiff brings claims against various State of Illinois and City of Chicago officials and police officers and against the State's Attorney and 11 different Assistant State's Attorneys concerning his prosecution for DUI.

2

      c.      <u>Major Legal and Factual Issues in the Case.</u>

Defendant Kimberly M. Foxx and the 11 Assistant State's Attorney Defendants (collectively referred to as the "Prosecutor Defendants") contend that Plaintiff has not properly alleged their personal involvement sufficient to establish liability as he attributes his prosecution to "the State." However, if all these "State" actions are attributable to the named Prosecutor Defendants, these actions as alleged were taken in management of the prosecution of Plaintiff entitling each of the Prosecutor Defendants to absolute prosecutorial immunity. Even if Plaintiff's references to the "State" apply only to the State's Attorney she would still be entitled to absolute prosecutorial immunity, in both her individual or official capacities.[2]

Further, the allegation that DUI cases are treated differently than non-DUI cases and that there is a policy not to voluntarily dismiss DUI cases regardless of how winnable the cases and to wait for a court order on a speedy trial motion all deal with how the management of criminal prosecutions are handled which gives rise to absolute prosecutorial immunity.

In the event this Honorable Court does not find absolute immunity applies, Prosecutor Defendants also raise that they are protected by Public Official Immunity, Sovereign Immunity, or alternatively, Qualified Immunity.

Defendant City of Chicago and Defendant Officers maintain that Plaintiff has failed to sufficiently plead his claims against them. Additionally, Defendant City and Defendant Officers contend many of Plaintiff's claims are time barred. Defendant City cannot be held vicariously liable for the acts of their agents under Federal Law. Defendant Officers, who acted with probable cause, cannot be held liable, where their actions did not play a significant role in the state's attorney Defendants' decision to continue the prosecution against Plaintiff. Defendant City cannot be held liable for Indemnity of the Defendant Officers are not liable.

---

[2] Plaintiff makes no allegation that the State's Attorney personally took any action in his DUI prosecution.

3

Defendants State of Illinois and Jay Robert Pritzker contend that Plaintiff's claims fail because Plaintiff cannot bring any claims pursuant to 42 U.S.C. § 1983 against the State of Illinois or the Governor in his official capacity. The State Defendans further contend that Plaintiff's claims for monetary relief are barred by the Eleventh Amendment and that Plaintiff lacks standing to request injunctive relief and that any claim for injunctive relief against Governor Pritzker in his official capacity would also be barred by the Eleventh Amendment. Finally, the State Defendants contend that Plaintiff's has failed to state a viable claim against Governor Pritzker in his individual capacity and, therefore, Plaintiff's claims should be dismissed as it relates to the State of Illinois and Governor Pritzker.

    d.    <u>Relief Sought and Estimate of Damages</u>

The plaintiff seeks compensatory and punitive damages as well as injunctive relief. Defendants deny Plaintiff is entitled to any recovery.

**2.**     <u>**Basis for Jurisdiction**</u>

    a.    Federal jurisdiction exists under 28 U.S.C. §§ 1343 and 1331.

    b.    Supplemental Jurisdiction – this Court has supplemental jurisdiction over Plaintiff's Illinois State law claims pursuant to 28 U.S.C. § 1337.

**3.**     **Status of Service:**

All defendants have either been served or have waived service.

**4.**     **Consent to Proceed Before a United States Magistrate:**

The Parties do <u>not</u> unanimously consent to proceed before a United States Magistrate Judge for all matters.

**5.**     **Motions:**

    A.    <u>Pending Motions</u>:

Prosecutor Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docket #22]. The motion is pending and has been Entered and Continued to May 26, 2021 at 9:30 a.m..

Defendants State of Illinois and Jay Robert Pritzker have filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion is pending and set for presentment on May 25, 2021 at 9:45 a.m.Given the Court's Order from April 27, 2021 (Dkt. No. 24), the State Defendants will contact the Court to have that motion heard on May 26, 2021 at 9:30 a.m.

Plaintiff has the following motions pending and set for presentment on May 26, 2021 at 9:30 a.m.:

1) Motion for Extension of Time to Reply to Prosecutor Defendants' Motion to Dismiss;
2) Motion for Leave to File First Amended Complaint; and
3) Motion for Settlement Conference

Defendant Officers and Defendant City of Chicago filed an Unopposed Moiton for Extension of time on May 14, 2021, seeking to extend the time to respond to Plaintiffs Complaint to after the May 26, 2021 status date on Plaintiffs Motion to Amend his Complaint. [ECF No. 33] If the Court grants Plaintiffs Motion to Amend his Complaint, Defendant City and Defendant Officers' motion will be moot.

    B.    <u>Defendants Anticipate Responding to the Complaint by:</u>

See 5(A) above.

Defendant City of Chicago and Defendant Officers anticipate filing a Motion to Dismiss Plaintiffs complaint or amended complaint.

**6.**     **Case Plan**

    a. This case is not subject to MIDP

  b. All parties request all discovery be stayed until Defendants' motions to dismiss are resolved.

  c. <u>Trial.</u>

 (1) In the event the case proceeds to trial, a jury trial is requested.

 (2) The probable length of trial is (5) days.

**7.** **Status of Settlement Discussions**

  a. Settlement discussions have occurred.

  b. Settlement discussions are not in progress.

  c. Plaintiff requests a settlement conference. Defendants do not believe a settlement conference would be useful at this time.

         Respectfully submitted,

         <u>s/ Ben Myers</u>

         Attorney for Plaintiff
         6525 N. Clark Street
         Chicago, Illinois 60626
         (312) 345-8877


         KIMBERLY M. FOXX
         State's Attorney of Cook County

    By: <u>*/s/ David A. Adelman*</u>
       David A. Adelman
       Shayl G. Wilson
       Assistant State's Attorneys
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       (312) 603-3151
       David.Adelman@cookcountyil.gov
       Shayl.wilson@cookcountyil.gov
       *Attorneys for Defendants Kimberly M. Foxx,*
       *Brandi Burton, Victoria Chaves, Christian Conway,*
       *Carlton Fay, Margaret Flisk, Eugene Goroshko,*
       *Benjamin Kibugi, Alexander Michelini,*
       *Conor McNulty, Christina Senger, and*
       *Ivan Velazquez*

/s/ Danielle M. Alvarez
Danielle M. Alvarez, Assistant Corporation Counsel,
Iris Y. Chavira, Assistant Corporation Counsel Supervisor
2 N LaSalle Street Suite 420
Chicago, IL 60602
T: 312-744-2784
F: 312-744-6566
Email: Danielle.Alvarez1@cityofchicago.com
Attorneys for Defendant City of Chicago

/s/ Mark Winistorfer
Mark Winistorfer, Assistant Corporation Counsel
Evan Scott, Assistant Corporation Counsel
Jessica Griff, Assistant Corporation Counsel Supervisor
2 N. LaSalle St., Suite 420
Chicago, IL 60602
T: 312.744.6905
E: mark.winistorfer@cityofchicago.org
Attorneys for Defendants Alex Lopez and Agustin Cervantes (Defendant Officers)

/s/ Mary A. Johnston
MARY A. JOHNSTON
ASSISTANT ATTORNEY GENERAL
Office of the Illinois Attorney General
General Law Bureau – Civil Rights Unit
100 W. Randolph St., 13th Floor
Chicago, IL 60601
(312) 814-3739
(312) 814-4425 (FAX)
mary.johnston@illinois.gov

7